United States District Court
Southern District of Texas
**ENTERED**
December 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY R. MOUTON, Inmate #01610992, | § § § § | |
| *Plaintiff*, | § § | |
| vs. | § | CIVIL ACTION NO. H-23-4216 |
| TROY LOCKLEAR, | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bobby R. Mouton, (SPN #01610992), is a pretrial detainee in the custody of the Harris County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint under 42 U.S.C. § 1983 based on allegations that his appointed defense counsel, Troy Locklear, Esq., is violating his constitutional rights in the pending state-court criminal proceedings. (Dkt. 1).

Because Mouton is a proceeding *in forma pauperis*, the Court is required to screen his complaint as soon as feasible after docketing. 28 U.S.C. § 1915(e)(2); *see also* 42 U.S.C. § 1997e(c) (providing for screening of suits by prisoners under § 1983). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir.

2013) (per curiam). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). Having conducted this required screening of Mouton's complaint, the Court dismisses this action for the reasons explained below.

I.   **BACKGROUND**

Publicly available records show that Mouton is being held in the Jail on a charge of felony indecency with a child. *See* Harris County District Clerk, available at www.hcdistrictclerk.com (last visited Nov. 21, 2023). In July 2023, the state court appointed Attorney Locklear to represent Mouton in these pending criminal proceedings. *Id.*

On November 7, 2023, Mouton filed a "Prisoner's Civil Rights Complaint," identifying Locklear as the only defendant. (Dkt. 1, p. 3). Mouton alleges that Locklear is violating his due process rights by seeking continuances and agreeing to unreasonable delays and by trying to manipulate him into accepting a plea agreement even though he is not guilty. (*Id.* at 4). Mouton also alleges that Locklear is "gathering information to help prosecute" him rather than defending

2

him. (*Id.*). Mouton asks the Court to charge Locklear with "intentional unethical behavior/misconduct" because he is prosecuting Mouton rather than defending him and is engaging in psychological manipulation. (*Id.*).

## II. DISCUSSION

Mouton seeks relief under § 1983 for Locklear's alleged violation of his due process rights and his right to effective assistance of counsel. But Mouton's allegations, even taken as true, do not state a claim for relief under § 1983.

To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). As pertinent to this second element, only persons acting on behalf of the state can act "under color of state law." *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985). Therefore, claims against a private party are generally not cognizable under § 1983.[1] *See Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 940 (1982) (a complaint challenging

---

[1] Limited exceptions to this general rule exist when the plaintiff can show that the private actor was implementing an official government policy or when the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011). A private party who conspires with state actors to deprive another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Mouton's complaint does not allege facts showing that any of these exceptions apply to his case.

3

only private action does not state a cause of action under § 1983); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("'[P]rivate conduct, no matter how discriminatory or wrongful' is excluded from § 1983's reach." (quoting *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003))).

A private attorney, even one appointed by the court to represent a criminal defendant, does not act under color of state law when performing a lawyer's traditional functions because he or she is acting on behalf of the defendant rather than on behalf of the state. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (per curiam) (holding that § 1983 "does not take cognizance of malpractice-type claims against court-appointed counsel" because counsel represents the client rather than the state); *Hernandez-Hernandez v. Fagerberg*, 392 F. App'x 271, 272 (5th Cir. 2010) (per curiam) (holding that there is no § 1983 liability for defense counsel in a criminal proceeding because a defense attorney is not acting under color of state law).

Because Locklear, as a private attorney appointed to represent Mouton, is not acting "under color of state law" while representing Mouton, Mouton's claim against him lacks an arguable basis in law and fails to state a claim upon which relief can be

4

granted under § 1983. This action is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (2)(B)(ii).

## III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Mouton's civil rights complaint, (Dkt. 1), is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B).

2. All pending motions are **DENIED** as moot.

3. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas on _____Nov 21_____, 2023.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE